UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| COLTON J. READ and JESSICA G. READ, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No.  SA-12-CV-910-XR |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| *Defendant*. § | |

**ORDER**

On this day came on to be considered Defendant's motions to dismiss (docket no. 19).

**Background**

At the time of this incident, Colton Read was an airman in the United States Air Force.  On or about July 9, 2009, he was admitted as a patient at Travis Air Force Base's David Grant Medical Center.  He was scheduled to undergo a laparoscopic gallbladder surgery.  He alleges in his complaint that during his procedure the surgical resident, a military doctor, lacerated an aorta that resulted in massive bleeding.  Ultimately as a result of the alleged medical malpractice his legs were amputated.  He, and his wife, bring suit under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, et seq.  The Government argues that the Plaintiffs' claims are barred by the *Feres*[1] doctrine.

**Analysis**

Plaintiffs argue that the *Feres* doctrine lacks any basis in the language of the FTCA.  They further argue that the "incident to military service" exception should be disregarded for the reasons

---

[1] *Feres v. United States*, 340 U.S. 135 (1950).

1

set forth in various dissenting opinions.[2]  Finally, they argue that in lieu of the *Feres* doctrine, courts should apply the discretionary function exception of the FTCA to medical malpractice claims because military discipline is not adversely affected when a service member recovers in a medical malpractice claim.

In *Kelly v. Panama Canal Com'n*, 26 F.3d 597 (5th Cir. 1994), Captain James Kelly, a U.S. Army Officer assigned to Fort Kobbe in the Republic of Panama, was killed when the mast of the catamaran he was sailing struck hanging electrical wires. Captain Kelly was on active duty, but off-duty at the time.  He obtained the catamaran from the Rodman-Marina Sailing Club, which was a civilian-run club located on the Rodman Naval Station, for his recreational trip.

The Panama Canal Commission argued that the *Feres* doctrine applied because the injuries arose out of or were in the course of activity incident to service.  In rejecting the Commission's argument, the Fifth Circuit restated "three rationales for the *Feres* doctrine: 1) the distinctively federal nature of the relationship between the government and members of its armed forces, which argues against subjecting the government to liability based on the fortuity of the situs; 2) the availability of alternative compensation systems; and 3) the fear of damaging the military disciplinary structure. *See Stencel Aero Eng. Corp. v. United States*, 431 U.S. 666, 671-72, 97 S.Ct. 2054, 2057-58, 52 L.Ed.2d 665 (1977)."  In this case, the Fifth Circuit noted that Captain Kelly was injured outside the military installation and engaged in the purely recreational activity of sailing a catamaran rented from a civilian-run marina.

Courts have been directed to "examine the totality of the circumstances to determine whether

---

[2] *See Johnson v. U.S.*, 481 U.S. 681, 688-700 (1987) (Scalia, J. dissenting); *Costo v. U.S.*, 248 F. 3d 863, 869-70 (9th Cir. 2001) (Ferguson, J. dissenting); *O'Neil v. U.S.*, 140 F. 3d 564, 565 (3d Cir. 1998) (Becker, C.J. dissenting).

a serviceman's injury was incident to military service. *Parker v. United States*, 611 F.2d 1007, 1013 (5th Cir. 1980). In particular, we consider: (1) the serviceman's duty status; (2) the site of his injury; and (3) the activity he was performing. *Id.* at 1013-15." *Schoemer v. U.S.*, 59 F.3d 26, 28 (5th Cir. 1995).

In this case it is undisputed that Airman Read was on active duty status at the time of his injury. It is also undisputed that he was injured at a military installation. Although not directly addressed by either party, it appears uncontested that he was ill (in need of gallbladder surgery), and that such surgery was necessary to restore him to military readiness. The Fifth Circuit treats "the serviceman's duty status as the most important factor because it indicates the nature of the nexus between the serviceman and the Government at the time of injury." *Id.* at 28-29. In addition, in medical malpractice cases, the Fifth Circuit replaces the third prong (activity the service member was performing) with "whether the serviceman's treatment was intended to return him to military service." *Id.* at 29.

Although this Court tends to agree with Plaintiffs' argument that the usual medical malpractice claim will not damage the military disciplinary structure, this Court is nevertheless bound by Supreme Court and Fifth Circuit authority. The majority opinions in these cases hold that receipt of medical care in military facilities by members of the military on active duty is activity incident to service.[3] In addition, the Fifth Circuit has held that *Feres* applies even if the underlying ailment was not caused or aggravated by any military activity or duty, and the surgery was elective and not necessary in order for the service member to perform any of his responsibilities within the military.

---

[3] *See also Hudson v. U.S.*, 461 Fed. Appx. 541 (9th Cir. 2011); *Hancox v. Performance Anesthesia, P.A.*, 455 Fed. Appx. 369 (4th Cir. 2011); *France v. U.S.*, 225 F.3d 658 (6th Cir. 2000); *Sloan v. U.S.*, 208 F.3d 218 (8th Cir. 2000).

*See Hayes v. U.S. on Behalf of U.S. Dept. of Army*, 44 F.3d 377 (5th Cir. 1995).

## Conclusion

The Government's motion to dismiss (docket no. 19) is granted and this case is DISMISSED.

The Clerk is directed to enter judgment according to Rule 58.

It is so ORDERED.

SIGNED this 26th day of November, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE